UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

JOSE L. ORTIZ,

                Plaintiff,                      **ORDER**
                                                          **04-CV-4858 (NG)(LB)**

      -against-

LOCAL TEAMSTER 917,
                Defendant.
--------------------------------------------------------X

**GERSHON, United States District Judge:**

By motion dated April 3, 2005, plaintiff seeks leave to amend the instant complaint to add Peerless Importers and Charmer Industries as defendants. At a conference held on April 7, 2005, the Honorable Lois Bloom discussed plaintiff's proposed amended complaint. Judge Bloom explained that filing a charge and obtaining a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") is a condition precedent to bringing a Title VII action against plaintiff's former employers, Peerless Importers ("Peerless") and Charmer Industries ("Charmer"). Accordingly, the Court directed plaintiff to submit a right to sue letter or any proof demonstrating that he had filed a charge of discrimination against Peerless and Charmer before the Court ruled on his motion to amend the complaint to add these parties as defendants. For the following reasons, plaintiff's motion to amend the complaint is denied as futile.

## STANDARD OF REVIEW

After a responsive pleading has been filed, a party may amend his pleading only by leave of the court, "and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (citations omitted).

An amendment will be deemed futile, and the motion to amend denied, where the amendment would be subject to immediate dismissal for failure to state a claim upon which relief may be granted or would be subject to dismissal on some other basis. See Milanese and Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2003) ("leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss..."). An "amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations." Grace v. Rosenstock, 228 F.3d 40, 41 (2d Cir. 2000).

**DISCUSSION**

Plaintiff submits three copies of a right to sue letter issued by the EEOC dated January 3, 2003 relating to an administrative charge of discrimination he filed against Peerless. However, plaintiff submits no evidence that he ever filed an administrative charge against Charmer Industries.

It is well-settled that a district court can entertain a Title VII claim only if it was either presented in a timely EEOC charge or is based on conduct that is "reasonably related" to the conduct alleged in the EEOC charge. See Butts v. City of New York Dept. Of Housing and Preservation & Development, 990 F.2d 1397, 1401 (2d Cir. 1993). The "purpose of the notice provision, which is to encourage settlement of discrimination disputes through conciliation and voluntary compliance, would be defeated if a complainant could litigate a claim not previously presented to and investigated by the EEOC." Id. at 1401-02 ("the purpose of the [Title VII] exhaustion requirement . . . is to give the administrative agency the opportunity to investigate, mediate, and take remedial action . . .")(internal quotation omitted). Accordingly, since plaintiff has not demonstrated that he ever filed an administrative charge against Charmer Industries, plaintiff cannot pursue a claim under Title VII against Charmer.

Plaintiff has submitted a right to sue letter demonstrating that he filed a discrimination charge against Peerless Importers with the EEOC. However, as the right to sue letter he submits makes clear, plaintiff had ninety days from the receipt of his right to sue letter to file a Title VII action in federal court. 42 U.S.C. § 2000e-5(f)(1). Plaintiff filed the instant action on November 4, 2004. Plaintiff's right to sue letter is dated January 3, 2003. It is presumed that plaintiff's received his right to sue letter three days from the date of mailing. Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996). Thus, plaintiff's proposed complaint against Peerless Importers is untimely. Compliance with the ninety day file requirement can be equitably tolled in certain situations. South v. Saab Cars USA, Inc., 28 F.3d 9, 11 (2d Cir. 1994) ("The court has held that the 90-day rule can be equitably tolled in certain situations"). However, in the instant case, plaintiff offers no basis for equitable tolling. Equitable tolling has been allowed "'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass'" Id. (citing Irwin v. Department of Veterans Affairs 498 U.S. 89, 96 (1990)). Plaintiff alleges no misconduct by defendants or any other facts that would justify equitable tolling. Since plaintiff failed to file the instant complaint within the time limit set forth in his right to sue letter, plaintiff's proposed amendment adding Peerless Importers as a defendant herein is futile and plaintiff's motion to amend is denied. Grace, 228 F.3d at 41.

Plaintiff's proposed amendments, adding Title VII claims against Peerless Importers and Charmer Industries, would be subject to dismissal. Plaintiff failed to satisfy the condition precedent of filing an administrative charge against Charmer. Additionally, although plaintiff filed an administrative charge against Peerless, his proposed amended complaint is untimely. Thus, allowing

3

plaintiff to amend the instant complaint to add these parties would be futile and the Court need not allow it.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend the complaint is denied as futile.

SO ORDERED:


**/s/ Nina Gershon**
**NINA GERSHON**
**United States District Judge**

**Dated: June 2, 2005**
      **Brooklyn, New York**